UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **FAMILIES CONCERNED ABOUT NERVE GAS INCINERATION, et al.,** } } } | |
| **Plaintiffs,** } } | |
| **v.** } } } | **CASE NO. 1:02-CV-2822-RDP** |
| **UNITED STATES DEPARTMENT OF THE ARMY, et al.,** } } } | |
| **Defendants.** } | |

## MEMORANDUM OF DECISION

The court has before it Plaintiffs'[1] Motion for Extension of Time to File Notice of Appeal (Doc. # 92) filed May 19, 2005. On March 18, 2005, this court granted summary judgment in favor of Defendants and entered final judgment. (Doc. # 91). Because the United States is a party in this case, 28 U.S.C. § 2107(b) and Fed. R. App. Proc. 4(a)(1)(B) govern the time for filing a notice of appeal and provide that the notice must be filed sixty days after entry of judgment. Accordingly, Plaintiffs' notice of appeal in this case was due to be filed on or before May 17, 2005. Instead, Plaintiffs' notice of appeal was filed two days late on May 19, 2005. (Doc. # 93). Plaintiffs candidly explain that their notice was untimely filed because lead counsel "inadvertently record[ed] in his calendar, in a rushed moment, the deadline for filing the Notice of Appeal as May 18, 2005 (two months after entry of the District Court's order) rather than May 17, 2005 (sixty days after entry of

---

[1] With the exception of Plaintiffs Alabama Environmental Council and Citizens for Environmental Justice, all of the Plaintiffs have joined in the motion.

the District Court's order)." (Doc. # 92, at 3).[2]

Pursuant to Fed. R. App. P. 4(a)(5), the timely filing of a notice of appeal is "mandatory and jurisdictional," *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61 (1982), and may be extended (up to thirty days) only upon a showing of good cause or excusable neglect. 28 U.S.C. § 2107(c); Fed. R. App. Proc. 4(a)(5). In this case, Plaintiffs acknowledge that their late filing was caused by an inadvertent calculation of the appeal deadline, and therefore their motion is properly evaluated under the "excusable neglect" standard. *See* Advisory Committee Notes to 2002 revisions of Fed. R. App. Proc. 4(a)(5)(A)(ii) (stating that "good cause" standard applies where there is no "fault" and the delay in filing is attributable to circumstances beyond the party's control, while "excusable neglect" standard applies when delay is the fault of the party).

When applying the excusable neglect standard in the context of the Federal Rules of Appellate Procedure, this court adheres to the standard originally set forth in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993), which provides that courts should "tak[e] account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395; *Advanced Estimating System, Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997). Although the Supreme Court concluded that "excusable neglect" could include "inadvertent delays," the Court

---

[2]Plaintiffs claim that their decision to delay filing until the actual deadline was due in part to the following circumstances: (1) they were uncertain whether resources would be available to pursue the appeal; (2) they intended to explore a "global mediation process" with Defendants in several pending cases and "did not want to appear to be acting in bad faith by filing a new appeal," and (3) lead counsel developed a "larger case load on short notice." (Doc. # 92, at 2-3).

noted that "inadvertence, ignorance of the rules, or mistakes construing the rules *do not* usually constitute 'excusable' neglect...." *Pioneer*, 507 U.S. at 391 (emphasis added). "[C]lients must be held accountable for the acts and omissions of their attorneys." *Pioneer*, 507 U.S. at 396.

Moreover, the Eleventh Circuit has clearly established that attorney error based on a misunderstanding of the plain language of a rule cannot constitute excusable neglect for failure to comply with a deadline. *Advanced Estimating System, Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997); *see also United States v. Clark*, 51 F.3d 42 (5th Cir.1995) (dicta) (noting that incorrect application of rules in calculating time to file appeal might not be excusable neglect). In this case, Plaintiffs' failure to file a timely notice of appeal was the result of counsel's error in calculating the deadline as two months after the entry of judgment, rather than the sixty days clearly provided by Fed. R. App. Proc. 4(A)(1)(b). As the Eleventh Circuit noted in *Riney*, when "the reason for [Plaintiffs'] failure to file timely a notice of appeal was an apparent failure to review or to appreciate the relevant rules, which clearly indicate that a party has [sixty] days from the entry of judgment to file [the notice of appeal]," there is no excusable neglect. *Riney*, 130 F.3d at 999;[3] *see also Lowry v. McDonnell Douglas Corp.,* 211 F.3d 457, 464 (8th Cir. 2000) (referring to deadline calculation errors as "garden-variety attorney inattention," and holding that "experienced counsel's misapplication of clear and unambiguous procedural rules cannot excuse his failure to file a timely notice of appeal"); *Villa v. Village of Elmore*, 252 F. Supp. 2d 492, 494 (N.D. Ohio 2003) ("Miscalculation of the time period does not rise, therefore, to the standard of excusable neglect.");

---

[3]That counsel's erroneous calculation of the deadline was due, in part, to the "press of [] newly increased litigation demand" on Plaintiffs' lead counsel does not alter the court's analysis. In *Pioneer*, the Supreme Court stated that it would give "little weight" to "upheaval" in an attorney's practice. 507 U.S. at 398.

3

*Worthy v. General Longshoremen's Workers Int'l Longshoremen's Ass'n, Local No. 3000*, No. Civ. A 01-3683, 2003 WL 260520 (E.D. La. Feb. 4, 2003), *aff'd,* 75 Fed. Appx. 260 (5th Cir. 2003) (holding that mistake in calculating deadline was not excusable neglect even though notice of appeal was filed only one day late).

Pursuant to Fed. R. App. Proc. 4(a)(5), because Plaintiffs' failure to timely file their notice of appeal is not due to excusable neglect or good cause, Plaintiffs' motion for extension of time to file notice of appeal is due to be denied. A separate order will be entered.

**DONE** and **ORDERED** this \_\_\_\_1st\_\_\_\_ day of June, 2005.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE